NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE FRANCISCO RIVERA-MENDEZ, | No. 17-71580 |
| Petitioner, | Agency No. A094-199-934 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2023**
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,*** District
Judge.

　　Jose Francisco Rivera-Mendez, a native and citizen of El Salvador, petitions

for review of a final decision issued by the Board of Immigration Appeals ("BIA")

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　***　　The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA 'has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (citation omitted). Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition.

1.      Substantial evidence supports the agency's determination that Rivera-Mendez failed to establish past persecution. The agency determined that Rivera-Mendez fled El Salvador in 1980 because his family received a threatening letter from the guerillas. Rivera-Mendez further testified that after he left El Salvador, his uncle and his cousin both disappeared and were later found murdered by the guerillas. The agency determined that the guerrillas' threats to Rivera-Mendez's family, including a death threat in 1979, were insufficient to show that he, personally, suffered past persecution. The evidence does not compel a different conclusion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have held that threats standing alone "constitute past persecution in only a

---

[1] Because Rivera-Mendez does not challenge the BIA's denial of relief under the Nicaraguan Adjustment and Central American Relief Act, the issue is waived. *See United States v. Turchin*, 21 F. 4th 1192, 1198–99 (9th Cir. 2022).

small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (citations omitted). And here, although Rivera-Mendez testified that after he left the country his uncle and cousin were killed and his pregnant sister was shot by guerrillas, Rivera-Mendez was never himself directly threatened or physically harmed.

2. Substantial evidence also supports the agency's determination that Rivera-Mendez's fear of future persecution was not objectively reasonable. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). Rivera-Mendez explained that the government at the time of his testimony shared the same ideology as the guerrillas in the 1980's. But the record does not show that he faces an individualized risk of persecution or that there is a pattern of persecution against similarly situated individuals—i.e., family members of former soldiers of the Salvadoran army. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991); *see also Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

3. The agency did not violate Rivera-Mendez's due process rights by failing to address nexus because "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the agency denied relief based on Rivera-Mendez's failure to establish past and future persecution, it was

not required to address nexus. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) ("To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution."). And because Rivera-Mendez could not establish his eligibility for asylum, he is similarly ineligible for withholding of removal, which imposes a heavier burden of proof. *Id.* at 1190.

4.  Substantial evidence supports the agency's determination that Rivera-Mendez failed to satisfy his burden for CAT protection. The record does not show that it is more likely than not that the government of El Salvador is likely to torture him or acquiesce to his torture.

**PETITION DENIED.**